# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| BERT BROWN, III, *et al.*, § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL CASE NO. H-10-5220 |
| § | |
| ENTRUST ADMINISTRATION § | |
| SERVICES, *et al.*, § | |
| Defendants. § | |

# MEMORANDUM AND ORDER

This securities fraud case is before the Court on Plaintiffs' Motion to Remand [Doc. # 16], to which Defendant Entrust Administration Services, Inc. ("EASI") has responded in opposition [Doc. # 24].

Also pending before this Court is Defendant EASI's Motion to Strike Plaintiffs' Amended Complaint [Doc. # 22] ("Motion to Strike"), to which Plaintiffs have responded [Doc. # 26], and EASI has replied [Doc. # 28].[1] The Court has reviewed the full record in this case. Based on this review and the application of governing legal authorities, the Court **denies** EASI's Motion to Strike and, pursuant to 28 U.S.C. § 1447(e), **remands** this case to Texas state court.

---

[1] Also pending before the Court are Defendant EASI's Motion to Dismiss [Doc. # 13], and Defendant EASI's Motion for More Definite Statement [Doc. # 14].

## I.     BACKGROUND

Plaintiffs are individuals who invested in "Capital Appreciation Bonds" issued by A&O Bonded Life Settlements, LLC,[2] on the advice of Jaime Xavier Coronado ("Coronado"), then a financial consultant with WaMu Investments, Inc. ("WaMu"). Defendants are Entrust Administration Services, Inc. ("EASI"), and Chase Investment Services Corp. ("Chase").[3]  EASI administers self-directed Individual Retirement Accounts ("IRAs").  Plaintiff Chau Dang used an EASI-administered self-directed IRA to purchase a Capital Appreciation Bond on Coronado's advice.

Plaintiffs, who are citizens of Texas, filed this lawsuit in Texas state court on November 9, 2010, alleging violations of the Texas Securities Act, liability of "control persons and aiders" under the Texas Securities Act, negligent misrepresentation and fraud, fraudulent inducement to contract, negligence, and breaches of fiduciary duty and the duty of good faith and fair dealing.  It is undisputed that Defendant EASI is a citizen of Florida, and that Chase is a citizen of Delaware and Illinois.  EASI filed a timely Notice of Removal [Doc. # 1] on December 29, 2010, asserting diversity jurisdiction.

---

[2]    Both parties alternatively refer to this entity as A&O Life Funds, L.P. No A&O entity is a party to this suit, and this distinction is not material to the Court's analysis.

[3]    Chase was incorrectly named as JPMorgan Chase & Co. in Plaintiffs' Original Petition.  Plaintiffs allege that WaMu merged into Chase effective May 1, 2009, and accordingly, that Chase is liable for any potential WaMu liability in this case.

On January 31, 2011, Plaintiffs filed a First Amended Complaint [Doc. # 15], which added Coronado as a defendant in this lawsuit. It is undisputed that Coronado is a citizen of Texas. Accordingly, joining Coronado as a defendant would destroy diversity jurisdiction and require that this case be remanded back to Texas state court. Plaintiffs did not file a Motion for Leave to Amend prior to filing their First Amended Complaint. Plaintiffs filed their Motion to Remand [Doc. # 16] contemporaneously with their First Amended Complaint, seeking remand based on the fact that there was no longer complete diversity between the parties. Defendant EASI filed a Motion to Strike Plaintiffs' First Amended Complaint [Doc. # 22], arguing *inter alia* that Plaintiffs were required to request leave of court prior to filing their First Amended Complaint. These Motions are now ripe for decision.

## II.  ANALYSIS

*Procedural Matters.–*  Federal Rule of Civil Procedure 15(a)(1)(B) allows a party to amend its pleading "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."[4] However, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or

---

[4]  The parties dispute whether Plaintiff met this deadline under Rule 15(a). Because the Court concludes that Rule 15 is inapplicable in this case, this dispute is not material to the Court's analysis.

permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Defendant EASI argues that Plaintiffs must obtain leave of court to amend their petition to add Coronado, whose joinder would destroy subject matter jurisdiction. Plaintiffs argue that, since they sought to amend their complaint within Rule 15(a)'s deadline, they may amend without leave of court.

Several courts have held that when an amendment to a plaintiff's complaint destroys diversity, leave of court is required even though a plaintiff may have filed the amendment within Rule 15(a)'s deadlines. *See, e.g.*, *Young Scholars Child Development Ctr., Inc. v. Colony Ins. Co.*, No. 09-1924, 2010 WL 797848, at *4 (W.D. La. Mar. 1, 2010); *see also* 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE: CIVIL, § 1477 (2d ed. 1990).[5] "[A] party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action." *Arthur v. Stern*, No. H-07-3742, 2008 WL 2620116, at *3 (S.D. Tex. June 26, 2008) (Rosenthal, J.) (quoting *Whitworth v. TNT Bestway Transp. Inc.*, 914 F. Supp. 1434, 1435 (E.D.Tex. 1996)). This Court agrees and adopts the reasoning in these cases.

---

[5] *See also Ascension Enterprises, Inc. v. Allied Signal, Inc.*, 969 F. Supp. 359, 360 (M.D.La. 1997); *Whitworth v. TNT Bestway Transp. Inc.*, 914 F. Supp. 1434, 1435 (E.D. Tex. 1996); *Horton v. Scripto-Tokai Corp.*, 878 F. Supp. 902, 908 (S.D.Miss. 1995); *Borne v. Siemens Energy & Automation*, 1995 WL 15354 (E.D.La. Jan.17, 1995).

Because the addition of Coronado as a defendant will destroy subject matter jurisdiction, Plaintiffs must obtain leave of court in order to amend their claims. Plaintiffs have not formally done so. Therefore, the filing of Plaintiffs' First Amended Complaint without leave of court was improper and ineffective. Because both parties have fully briefed this issue in conjunction with Defendant's Motion to Strike, and in the interest of judicial economy, however, the Court deems Plaintiffs' filing of the First Amended Complaint to include a request for leave amend their claims. The Court turns to the issue of whether Plaintiffs should be granted leave to add Coronado under 28 U.S.C. § 1447(e).

**Hensgens** *Analysis.–* "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Where, as here, a plaintiff moves to add a defendant that would destroy jurisdiction, the Court must balance the original defendant's interests in maintaining the case in federal court with the competing interests of not having parallel lawsuits in two jurisdictions. *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987); *see also Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir. 2005). "For example, the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been

dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.* The district court, with input from the moving plaintiff and the original defendant, should then balance the equities and decide whether the proposed amendment should be allowed. *Hensgens*, 833 F.2d at 1182.

There is no indication that Plaintiffs, by joining Coronado in their First Amended Complaint, are merely attempting to defeat federal subject matter jurisdiction.[6] Plaintiffs seek to add a party who appears to have potential liability for Plaintiffs' injuries under Texas state law. Indeed, EASI concedes as much.[7] Further, Plaintiffs had reason for not joining Coronado when filing this action in state court. Prior to Plaintiffs filing their Original Petition in state court, Coronado had filed for bankruptcy protection, which precluded Plaintiffs from commencing litigation against Coronado.[8] *See* 11 U.S.C. § 362(a). Plaintiffs thus were justified in not asserting claims in this suit against Coronado at the outset of this litigation.

---

[6] The fact that Plaintiffs filed their Motion to Remand contemporaneously with their First Amended Complaint does not suggest otherwise, contrary to Defendant EASI's argument.

[7] *See* Defendant EASI's Reply to Plaintiffs' Response to Defendant's Motion to Strike Plaintiffs' Amended Complaint [Doc. # 28] ("Reply"), ¶¶ 7-8.

[8] *See* Exhibit A to Plaintiffs' Response to Motion to Strike Amended Complaint [Doc. # 26-1].

The Court is unpersuaded by EASI's argument that Plaintiffs are merely attempting to defeat jurisdiction because Plaintiffs had knowledge of viable claims against Coronado and chose not to assert them when filing this action in state court or by filing a proof of claim in Coronado's then-pending bankruptcy case. EASI provides no legal authority for such contentions. Therefore the first *Hensgens* factor favors allowing Plaintiffs' requested amendment. *See Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991) (noting that a plaintiff's valid cause of action against the proposed new party is one indicator that the principal purpose of amendment is not to defeat jurisdiction).

Plaintiffs were not dilatory in seeking leave to amend. Plaintiffs demonstrate that Coronado's bankruptcy petition was dismissed on December 20, 2010.[9] Plaintiffs filed their First Amended Complaint reasonably soon thereafter, on January 31, 2011. "Courts generally find that a plaintiff is not dilatory in seeking to amend a complaint when no trial or pre-trial dates [have been] scheduled and no significant activity beyond the pleading stage has occurred." *Arthur v. Stern*, No. H-07-3742, 2008 WL 2620116, at *3 (S.D. Tex. June 26, 2008) (Rosenthal, J.) (internal quotation marks and citations omitted). In the case at bar, no scheduling order has been entered and there

---

[9] *See* Exhibit B to Plaintiffs' Response to Motion to Strike Amended Complaint Doc. # 26-2].

has been only minimal activity beyond the pleading stage. These circumstances counsel against a finding of dilatoriness. The second *Hensgens* factor weighs in favor of allowing amendment.

Plaintiffs will suffer some prejudice if they are not permitted to join Coronado as a defendant in this case. In their First Amended Complaint [Doc. # 15], Plaintiffs allege *inter alia* that EASI jointly participated in and aided and abetted the breach of fiduciary duties by WaMu and Coronado. Therefore, if joinder is denied, Plaintiffs will be forced to sue Coronado in state court and maintain this action against EASI in federal court. These parallel lawsuits will waste judicial resources, increase the expense and inconvenience for all parties, and risk inconsistent decisions on

discovery, liability, and other issues.[10] Therefore, the third *Hensgens* factor weights in favor of amendment.

The relevant factors strongly favor allowing Plaintiffs to join Coronado as a Defendant. There is nothing to indicate Plaintiffs' request to add Coronado is simply an effort to defeat jurisdiction. The delay in Plaintiffs' joinder of Coronado plainly was attributable to Coronado's pending bankruptcy proceeding. As a result, the Court exercises its discretion under 28 U.S.C. § 1447(e) to grant Plaintiffs leave to amend their claims to add Coronado as a Defendant in this case notwithstanding the fact that joinder of Coronado will defeat jurisdiction and require remand. Accordingly, Defendant EASI's Motion to Strike [Doc. # 22] is **denied.**

---

[10] Defendant EASI argues that Plaintiffs will not be prejudiced by failure to join Coronado because Plaintiffs' claims against him are separate and distinct from Plaintiffs' against EASI. EASI explains that it only had contact with Plaintiff Chau Dang, who used an EASI self-directed IRA to purchase one Capital Appreciation Bond on Coronado's advice. Additionally, EASI argues that it can have no liability for Coronado's advice because the Promissory Note executed by Plaintiff Chau Dang states that EASI refuses to review "the merits, legitimacy, appropriateness, and/or suitability of any investment." The Court is unpersuaded that these contentions alter the outcome here. These factual matters, as contrasted with Plaintiffs' allegations, must be sorted out during discovery and trial. For present purposes at this early stage of the proceedings, the Court construes Plaintiffs' allegations and proposed pleading liberally. *See*, *e.g.*, *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005) ("A motion to remand is normally analyzed with reference to the well-pleaded allegations of the complaint, which is read leniently in favor of remand under a standard similar to Rule 12(b)(6).").

## IV.    CONCLUSION AND ORDER

Pursuant to the Court's discretion under § 1447(e), the Court grants Plaintiffs leave to amend their complaint to add Coronado as a Defendant in this case. Because joinder of the non-diverse defendant destroys this Court's subject matter jurisdiction, the case will be remanded pursuant to 28 U.S.C. § 1447(e). It is therefore

**ORDERED** that Plaintiffs' First Amended Complaint [Doc. # 15] is deemed properly filed and Defendant Coronado is joined in this suit. It is further

**ORDERED** that Defendant's EASI's Motion to Strike Plaintiffs' Amended Complaint [Doc. # 22] is **DENIED.** It is further

**ORDERED** that Plaintiffs' Motion to Remand [Doc. # 16] is **GRANTED.** It is further

**ORDERED** that Defendant The Entrust Group's Motion to Dismiss [Doc. # 3], Defendant EASI's Motion to Dismiss [Doc. # 13], and Defendant EASI's Motion for More Definite Statement [Doc. # 14] are **DENIED as moot.**

The Court will issue a separate Remand Order.

SIGNED at Houston, Texas, this **30th** day of **March, 2011.**

_____
Nancy F. Atlas
United States District Judge